**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CURTIS WILLIAMS,**

    Petitioner,

v.                                          **CASE NO. 6:10-cv-1366-Orl-35GJK**

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## ORDER

Petitioner, a federal prisoner incarcerated at the Federal Correctional Complex in Pollock, Louisiana, has filed a petition in which he requests that his federal sentence run concurrently with his "undischarged state sentences" (Doc. No. 1). Petitioner further alleges that he received ineffective assistance of counsel in his federal criminal case and that he is seeking coram nobis relief.[1]

In case number 6:09-cr-73-Orl-35GJK, the Court entered a Judgment In A Criminal Case in which, among other matters, Petitioner was sentenced to imprisonment for a term of 46 months, with the sentence to run consecutively with a sentence previously imposed in a state court case. Petitioner is currently in custody as a result of the sentence imposed by this Court.

Coram nobis lies only when the petitioner 1) has completed his sentence and is no longer in federal custody, 2) is serving a sentence for a subsequent state conviction, or 3)

---

[1] Petitioner noted the availability of relief under 28 U.S.C. section 2255 but specifically mentioned that he was seeking coram nobis relief.

Case 6:10-cv-01366-MSS-GJK   Document 4   Filed 09/29/10   Page 2 of 2 PageID 22

has not begun serving the federal sentence under attack. *Zabel v. United States Attorney*, 829 F.2d 15, 17 (8th Cir. 1987). "Because federal prisoners, like [Petitioner], may make use of the statutory remedy of 28 U.S.C. § 2255, coram nobis relief is unavailable to them." *United States v. Blue*, 326 Fed. App'x 564 (11th Cir. 2009). Since Petitioner is presently in federal custody, coram nobis relief is unavailable; however, Petitioner may seek relief under section 2255, as it does not appear that the one-year period of limitation has expired.

Accordingly, it is **ORDERED** as follows:

1. The petition (Doc. No. 1) is **DENIED** without prejudice to the right of Petitioner to seek relief under 28 U.S.C. section 2255.[2] The Clerk of the Court is directed to provide Petitioner with the appropriate section 2255 form.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 29th day of September 2010.

Copies to:
sa 9/29
Curtis Williams
Counsel of Record

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner should ensure that the section 2255 motion is filed within the one-year period of limitation. *See* 28 U.S.C. § 2255(f).

2